UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BARTEE and DIXIE BARTEE,

       Plaintiffs,

v.

SKANSKA USA BUILDING, INC., f/n/a
ETKIN SKANSKA and/or ETKIN,
JOHNSON and KORB, INC., and/or ETKIN
SKANSKA CONSTRUCTION CO. OF          Case No. 04-72379
MICHIGAN,

                                                      Honorable Patrick J. Duggan

       Defendant/Third-Party
       Plaintiff,

v.

CADILLAC IRON, INC.

       Third-Party Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION TO AMEND JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) REGARDING
DEFENDANT/THIRD-PARTY PLAINTIFF'S CLAIM AGAINST THIRD-PARTY
DEFENDANT CADILLAC IRON, INC. FOR INDEMNIFICATION**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on MAY 26, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Plaintiffs filed this action against Defendant Skanska USA Building, Inc.

1

("Skanska") after Plaintiff Michael Bartee was injured during the construction of an elementary school in East China, Michigan. Skanska then filed a third-party complaint against Third-Party Defendant Cadillac Iron, Inc. ("Cadillac"), Michael Bartee's employer, alleging that Cadillac was contractually obligated to indemnify Skanska and pay Skanska's attorneys' fees incurred in defense of Plaintiffs' lawsuit. The parties then filed the following motions: (1) Skanska's motion for summary judgment as to Plaintiffs' claims; (2) Plaintiffs' motion for partial summary judgment and/or to strike Defendant's notice of non-party fault; and (3) Skanska's motion for summary judgment of contractual indemnification as to Cadillac.

On May 11, 2005, this Court issued an Opinion and Order granting Skanska's motion for summary judgment with respect to Plaintiffs' claims. As a result of this ruling, the Court denied as moot Plaintiffs' motion for partial summary judgment and/or to strike Defendant's notice of non-party fault and Skanska's motion for summary judgment of contractual indemnification. Presently before the Court is Skanska's motion to amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure regarding its claim against Cadillac. Skanska argues that its claim against Cadillac was not rendered moot when the Court granted Skanska's motion for summary judgment with respect to Plaintiffs' claims, as Cadillac still was contractually obligated to pay the attorney's fees Skanska incurred defending against those claims.

Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect . . ."

FED. R. CIV. P. 60(b). This Court concludes that it inadvertently overlooked Skanska's claim for attorney's fees when it found Skanska's motion for summary judgment with respect to its third-party complaint moot. Pursuant to Cadillac's contract with the East China School District, Cadillac is obligated to pay Skanska's "expenses, including but not limited to attorneys' fees" in defending against claims attributable to bodily injury arising out of or resulting from performance of [Cadillac's work on the East China School District project]. *See* Mot. at 3. As Cadillac stated in response to Skanska's motion for summary judgment: "Cadillac agrees that Skanska is entitled to reimbursement for costs and reasonable attorneys' fees in defending against the claims of [Plaintiffs]." *See* Cadillac's Resp. to Skanska's mot. for summary judgment at 2.

Accordingly,

**IT IS ORDERED**, that Skanska's Motion to Amend Judgment Under Federal Rule of Civil Procedure 60(b) Regarding Defendants/Third-Party Plaintiffs' Claim Against Third-Party Defendant Cadillac Iron, Inc. for Indemnification is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Court **AMENDS ITS MAY 11, 2005 OPINION AND ORDER** as to Skanska's motion for summary judgment with respect to its third-party complaint against Cadillac **ONLY**;

**IT IS FURTHER ORDERED**, that Skanska's motion for summary judgment with respect to its third-party complaint against Cadillac is **GRANTED** with respect to reasonable attorney's fees incurred in defending against Plaintiffs' claims;

**IT IS FURTHER ORDERED**, if the parties cannot agree on the amount of

attorney's fees, such amount will be determined pursuant to a motion filed by Skanska;

**IT IS FURTHER ORDERED**, that the **JUDGMENT** entered on May 11, 2005, will be **AMENDED** accordingly.

                    s/PATRICK J. DUGGAN
                    UNITED STATES DISTRICT JUDGE

Copies to:
Richard L. Steinberg, Esq.
Jerome A. Galante, Esq.
Mark R. Johnson, Esq.