UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BARTEE and DIXIE BARTEE,

    Plaintiffs,

v.

SKANSKA USA BUILDING, INC., f/n/a
ETKIN SKANSKA and/or ETKIN,
JOHNSON and KORB, INC., and/or ETKIN
SKANSKA CONSTRUCTION CO. OF     Case No. 04-72379
MICHIGAN,

        Honorable Patrick J. Duggan

    Defendant/Third-Party
    Plaintiff,

v.

CADILLAC IRON, INC.

    Third-Party Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR REHEARING AND/OR TO ALTER OR AMEND JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_JUNE 2, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Plaintiffs filed this action against Defendant Skanska USA Building, Inc.

("Skanska") after Plaintiff Michael Bartee was injured during the construction of an

1

elementary school in East China, Michigan.  Skanska then filed a third-party complaint against Third-Party Defendant Cadillac Iron, Inc. ("Cadillac"), Michael Bartee's employer, alleging that Cadillac was contractually obligated to indemnify Skanska and pay Skanska's attorneys' fees incurred in defense of Plaintiffs' lawsuit.  The parties then filed the following motions: (1) Skanska's motion for summary judgment as to Plaintiffs' claims; (2) Plaintiffs' motion for partial summary judgment and/or to strike Defendant's notice of non-party fault; and (3) Skanska's motion for summary judgment of contractual indemnification as to Cadillac.

On May 11, 2005, this Court issued an Opinion and Order *inter alia* granting Skanska's motion for summary judgment with respect to Plaintiffs' claims. On the same date, the Court entered Judgment in favor of Skanska, dismissing Plaintiffs' complaint. Presently before the Court is Plaintiffs' motion for reconsideration and/or rehearing and/or to alter or amend judgment, brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.1(g).

Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  E.D. Mich. LR 7.1(g).  A motion that merely presents the same issues already ruled upon by the Court shall not be granted.  *Id.*   Similarly, motions to alter or amend judgment pursuant to Rule 59(e) may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998), newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. Int'l*

2

*Chem. Workers Union, Local 217,* 34 F.3d 233, 236 (4th Cir.1994); *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 90-91 n. 3 (1st Cir.1993); *School District No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Davis v. Jellico Cmty. Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir. 1990).

Plaintiffs raise the same arguments in their motion for reconsideration that they previously raised in their motion for partial summary judgment and in response to Skanska's motion for summary judgment. They fail to convince the Court that it committed a palpable defect or erred in deciding the issues raised in those motions. Even if Skanska admits that its job site superintendent Paul Saxon would have been negligent if he knew about the hole in the hose of the acetylene torch and then failed to prevent Cadillac's employees from using the torch, *see* Pls.' Mot. at 7, Plaintiffs still present no evidence to show that Mr. Saxon knew about the hole in the hose. In fact, the evidence presented demonstrates otherwise– that is, that Mr. Saxon neither observed nor otherwise was made aware of the hole in the hose. Moreover, Plaintiffs have not presented evidence to suggest that Mr. Saxon should have been aware of the hole in the hose during the one hour period from when the hole was created until Michael Bartee's injury. Plaintiffs do not otherwise provide a basis for this Court to alter or amend its judgment.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reconsideration and/or rehearing and/or to alter or amend judgment is **DENIED**.

_____

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated:  June 2, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 2, 2005, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager